IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRIJANA PEAK,<br><br>Plaintiff,<br><br>vs.<br><br>KYLER, 1564; BROCK RENGO, 2321; DONALD KLEINE, and NICKOLAS MEZA,<br><br>Defendants. | 8:23CV37<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Terrijana Peak ("Peak"), a non-prisoner, filed a pro se Complaint on January 27, 2023. Filing No. 1. Peak was also given leave to proceed in forma pauperis. Filing No. 6. The Court now conducts an initial review of Plaintiffs' Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e) and, for the reasons set forth below, finds that it is.

**I. SUMMARY OF COMPLAINT**

Plaintiff alleges claims of violation of due process and equal protection, naming "Kyler JS64," "Rengo 2321," Donald Kleine,[1] and Nickolas Meza, as defendants, who Plaintiff describes as "police, Klein, & all law enforcement acting in concert, and, under color of state law" who investigated an alleged stabbing that occurred on November 2, 2020. Filing No. 1–2, 4. Plaintiff alleges that while reaching down to pick up her newborn

---

[1] Though not clearly alleged in the Complaint, Donald Kleine is the Douglas County Attorney. *See* https://countyattorney.douglascounty-ne.gov/.

child, she was stabbed in the back by Toviarre Collins, who has a child with Plaintiff's husband Kevin Peak, Sr. Filing No. 1 at 1–3. After the stabbing, law enforcement was called but, Plaintiff alleges, they failed to charge Collins with a crime, even after Plaintiff and her husband informed the responding officers of the stabbing and the location of the knife Collins allegedly used and then threw away. Filing No. 1 at 2. Plaintiff submits that after almost a year of repeatedly asking law enforcement to bring charges against Collins she was asked by defendants "Kyler" and "Green" why Plaintiff did not just "let it go?" Filing No. 1 at 3. Plaintiff also asserts that "[w]e spoke with defendant Kleine and provided him with the forensic, and police reports on [Collins]," but that "the defendants . . . acting in concert . . . willfully, wrongfully, feloniously, unconstitutionally, and unlawfully did not accord [P]laintiff equal protection of law and charge Collins with a crime." Filing No. 1 at 2, 4.

Plaintiff seeks an order finding that the named defendants have violated "our" rights and seek an injunction, "enjoining the defendants their associates, and all persons acting in concert with them from refusing to file charges against Collins." Filing No. 1 at 4.

Liberally construed, Plaintiff claims the Douglas County Attorney and law enforcement violated her and her husband's rights to equal protection under the Fourteenth Amendment based on law enforcement's decision to forego prosecution of Collins following Collins' alleged attack on Plaintiff.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a

complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Article III of the United States Constitution, however, restricts the jurisdiction of the federal courts to actual cases and controversies, and includes the doctrine of standing. *Allen v. Wright,* 468 U.S. 737, 750 (1984). To establish constitutional standing a plaintiff must establish he or she has suffered an "injury in fact" which is: "concrete and particularized and actual or imminent; fairly traceable to the challenged action of the defendant; and likely to be redressed by a favorable decision." *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *United States v. United Sec. Sav. Bank,* 394 F.3d 564, 567 (8th Cir. 2004) (per curiam) (*citing Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992))).

"While it is well settled that defendants subjected to or threatened with discriminatory prosecution have standing to bring an equal protection claim, this right has not been extended to crime victims." *Id.* (citing *Linda R.S. v. Richard D.,* 410 U.S. 614, 617, 619 & n.5 (1973)). This is so as "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R.S.*, 410 U.S. at 619, "even when the failure to prosecute was allegedly discriminatory." *Parkhurst*, 569 F.3d at 866 (citing *United Sec. Sav. Bank,* 394 F.3d at 567 ("private citizen generally lacks standing" to subject prosecutorial decisions to scrutiny); *United States v. Grundhoefer,* 916 F.2d 788, 791 (2d Cir.1990) ("direct, distinct, and palpable injury in a criminal sentencing proceeding plainly falls only on the defendant who is being sentenced" thus private citizens cannot challenge decisions of prosecuting authority); *Sattler v. Johnson,* 857 F.2d 224, 227 (4th Cir.1988) (victims lack constitutional right under equal protection clause to compel criminal prosecution); *Doe v. Mayor and City Council of Pocomoke City,* 745 F. Supp. 1137, 1139 (D. Md.1990) ("The Court is not aware of a constitutional, statutory, or

4

common law right that a private citizen has to require a public official to investigate or prosecute a crime.")).

A standing analysis "differs depending on whether the alleged injury arises from a failure to prosecute or a failure to protect [and] is not without rationale." *Id.* at 867. Police officers are under a "statutorily imposed duty to enforce the laws equally and fairly." *Id.* (quoting *Thurman v. City of Torrington,* 595 F. Supp. 1521, 1527 (D. Conn. 1984) (*quoting Smith v. Ross,* 482 F.2d 33, 36 (6th Cir.1973) (per curiam)). However, both the decision to prosecute and what charges to file (or bring before a grand jury) are decisions that "generally rest in the prosecutor's discretion," not in the hands of the police. *Id.* (quoting *United States v. Batchelder,* 442 U.S. 114, 124, (1979)).

Here, Plaintiff alleges only that she was the victim of a discriminatory prosecutorial policy when the defendants failed to charge Collins with a crime, not that she was a victim of the police's failure to protect her. As the alleged victim of Collins' attack, Plaintiff cannot force or otherwise compel the prosecution of Collins. *Linda R.S.*, 410 U.S. at 619. As Plaintiff was "neither prosecuted nor threatened with prosecution," and instead seeks the prosecution of another, she "did not suffer injury in fact as defined by the Supreme Court" and therefore lacks standing to bring an equal protection claim against County Attorney Kleine. *Parkhurst* 569 F.3d at 865. To the extent she seeks to sue police officers Kyler, Rengo, and Meza for failure to prosecute, her claims must also fail as individual police officers are unable to prosecute or bring charges.[2] *Id.*

---

[2] In addition to her own claims, it appears Plaintiff seeks to bring claims on behalf of her husband. *See* Filing No. 1 at 3 ("We want to enjoin defendants conspiracy to deny us our rights . . . ). However, as a general rule, a plaintiff must assert her legal rights or interests and not "the legal rights or interests of third parties." *Jones v. Nebraska*, No. 4:11CV3107, 2011 WL 4711919, at *2 (D. Neb. Oct. 6, 2011) (citing *Warth v. Seldin,* 422 U.S. 490, 498–99 (1975)). "Moreover, a non-attorney pro se litigant may not represent

5

## IV. CONCLUSION

In summary, Plaintiff's Complaint should be dismissed in its entirety because it fails to state a failure to prosecute claim upon which relief may be granted, and the Court concludes any amendments to the claim set forth in the Complaint would be futile.

IT IS THEREFORE ORDERED that: The Complaint, Filing No. 1, is dismissed without prejudice. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 16th day of May, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court

---

someone else in federal court." *Id.* (citing 28 U.S.C. § 1654; *Iannacone v. Law,* 142 F.3d 553, 558 (2d Cir.1998) (concluding a non-attorney pro se party may not represent another's interests)).